*Saturday,*
April 5.

ALLISON *against* RHEAM.

*ALLISON*, brought an action of trespass and false imprisonment against *Rheam*, in this Court. On the trial before the Chief Justice, it appeared, that *Rheam* had obtained judgment against *Allison* in this Court, in a former action; and that *Rheam's* attorney had issued a *capias ad satisfaciendum* against *Allison*, on which he was arrested, and imprisoned for six hours. There was no previous demand made of *Allison* of the money recovered, and he had sufficient real estate to satisfy the amount due. This Court, on motion, quashed the *capias ad satisfaciendum*, and a *fieri facias* was afterwards issued. The defendant contended at the trial, that an action of trespass did not lie, because the *capias ad satisfaciendum* was issued by a Court of competent authority, having jurisdiction in the case. On the suggestion of the Court, the point, whether an action of trespass could be maintained, was reserved for consideration of the Court in bank.

*A capias ad satisfaciendum* was issued where the defendant had sufficient real estate to satisfy the debt, and he was arrested and imprisoned. *Held,* that trespass lies against the party who sued out the *capias ad satisfaciendum,* but that it is a justification to the officer executing it. There is a difference between writs which are erroneous, and those which are issued irregularly, and by the fault of the party.

*Phillips* and *J. R. Ingersoll*, for the plaintiff.

By the act of 21st *March*, 1806, sect. 11, the form of executions was established, and it was declared, that they should *not be otherwise*. But by the act of 13th *April*, 1807, sect. 5, this form was abolished, and the old forms revived, with a provision that " *no capias ad satisfaciendum shall issue, in*
" *any case where the defendant may have real or personal*
" *estate to satisfy the demand.*" Process issued contrary to this law, is not merely erroneous; it is void. Trespass, therefore, is the proper remedy. Trespass lies for executing lawful process at an unlawful time. 3 *Selw. Ni. Pri.* 808. False imprisonment lies, where one sues out a writ without foundation in law or equity. *Kirby*, 65. If a writ be set aside as void, trespass lies against the party; but not against the officer, because the Court had jurisdiction. *Parsons* v. *Loyd.*(a) Trespass lies, where one is imprisoned upon process unduly obtained. *Common Law Common Placed. Cites* 1 *Lill. Ab.* 595. In *Barker* v. *Braham,*(b) it

(a) 3 *Wils.* 341.　　　　　(b) 3 *Wils.* 368.

1817.

ALLISON
v.
RHEAM.

was held, that trespass lies against the party and his attor-
ney, for issuing a *capias ad satisfaciendum*, on a judgment
against an administratrix. In an action on the case; we should
be put to prove express malice. They cited also *Caines'
Rep.* 267.

E. *Ingersoll* and *Ingersoll*, for the defendant, contended,
That this process. was voidable, not void, and, therefore,
trespass did not lie. The sheriff is chargeable for an escape
of one imprisoned on erroneous process. *Weaver* v. *Clif-
ford.*(a) In *Smith* v. *Shaw,*(b) it is said by THOMPSON
C. J. that the officer is justified where the Court had ju-
risdiction; if there is a want of jurisdiction, on account
of person or place, the officer shall be justified, unless
the want of jurisdiction appears on the face of the writ.
The practice in *Philadelphia*, has been, to issue a *fieri
facias* and *capias ad satisfaciendum* together; and this prac-
tice is recognised by YEATES J. in *Young* v. *Taylor*, who
says, that a plaintiff may take out one execution against
the body of the defendant, and another against his goods,
but both cannot be served. If a *capias ad satisfaciendum* and
*fieri facias* may be issued together, the *capias ad satisfacien-
dum* cannot be void. By the act of 20th *March*, 1724, a *capias*
against a freeholder may be abated; the act declares, that he
shall not be arrested, but a writ of summons shall issue;
yet no action of trespass has ever been brought in such case.
Trespass does not lie, where one who is entitled to privilege
is arrested, *Cameron* v. *Lightfoot,*(c) or a certified bankrupt,
*Doug.* 676. 1 *Chitty on Plead.* 184.; and in the present case,
the exemption is in the nature of a personal privilege con-
ferred by law. In 8 *John's Rep.* 361. a *fieri facias* issued
without a *scire facias*, *post annum et diem*, was held to be
voidable, not void. They also cited *Cro. Car.* 196. Sir *T.
Ray.* 73. 95. 10 *Rep.* 76. *Bull N. P.* 22. *Co. Lit.* 253. *Phill.
Ev.* 294.

*Reply.* This action is the only remedy in the nature of
the thing, for the injury sustained. The writ was void, be-
cause it was positively prohibited by law. The issuing it
was against law. A *capias* against a freeholder is different;

(a) *Bulst.* 64.                                    (c) 2 *W. Bl.* 1199.
(b) 12 *Johns.* 257.

it is the service, and not the issuing, which is prohibited in such case.

Tilghman C. J. This is an action of trespass and false imprisonment. The plaintiff proves, that the defendant who had obtained judgment against him in another action in this Court, sued out a writ of *capias ad satisfaciendum*, and had him arrested, although he had sufficient real estate, to satisfy the judgment. The writ was quashed, on application to the Court. The defendant contends, that the plaintiff has mistaken his remedy, which was not trespass, but an action on the case for maliciously suing out the writ, knowing that there was property sufficient to satisfy the judgment.

It is enacted by the act of 13th *April*, 1807, section 5, " that no writ of *capias ad satisfaciendum* shall issue in any " case, where the defendant may have real or personal estate " to satisfy the plaintiff's demand." So that the *capias ad satisfaciendum* issued in this case, against the positive command of the law, and having been set aside by the Court, is no longer a justification to the party by whose order it was issued, although it is, to the officer who executed it. There is a difference between writs which are erroneous, and those which are issued irregularly and by the fault of the party. If an erroneous judgment is entered, it is the error of the Court, and not of the party. Therefore, it is good in law until reversed, and every thing done under it, before reversal, is valid. But if the plaintiff enter a judgment without authority, and issue a *capias ad satisfaciendum;* on which the defendant is arrested, and then the judgment is set aside for irregularity, it is as if no judgment had been entered, and trespass lies against the plaintiff. This was decided in *Phillips* v. *Biron,* 1 *Str.* 509, which is cited and relied on, by C. J. De Grey, in *Barker* v. *Braham, &c.* 3 *Wils.* 376. So, if the plaintiff has a judgment, and issues an execution, which the judgment does not warrant, it is a nullity, and he is a trespasser ; as where on a judgment against an administrator, a *capias ad satisfaciendum* was sued out. *Barker* v. *Braham, &c.* 3 *Wils.* 368. But, it is objected by the defendant, that although it is enacted by an old act of assembly, (20th *March*, 1720, 1 *Sm. L.* 165.) that no freeholder shall be arrested by writ of *capias ad respondendum;* yet there is no instance of an action

of trespass being brought against a plaintiff, who arrested a freeholder against the provision of the act, although arrests of this kind are very frequent. Whether in such case, an action of trespass would lie, is not now the question; it is to be remarked, however, that there are many exceptions, in that act, which take away the privilege of the freeholder, and that the Court to which the *capias* is returnable, are expressly authorised to set it aside, with 30s. costs to the defendant. So that the practice has been, to obtain relief on motion; but it has never been decided, whether or not trespass would lie against the plaintiff. The defendant's counsel, have likewise mentioned the case of a person being arrested, who is entitled to privilege; a witness, for example, who is attending Court. If he is arrested, the Court will discharge him on motion, but trespass does not lie. The reason is, that the issuing of the writ was not irregular, and therefore it was not void; it was only the *executing* it, at an *improper time*, which was wrong; for the witness might have been lawfully arrested, after he had returned home, his privilege being only temporary. But these cases cannot be compared with the present, where the *issuing* of the writ is expressly forbid. The defendant who is imprisoned, suffers manifest wrong, even though the plaintiff in the execution, might not know of his property; and why should he not have redress? An action on the *case*, for maliciously suing out the writ, is hard to maintain; for the plaintiff must prove malice. Besides, when the writ is considered as void, *case* is not the proper remedy.

It is said to be the practice, to sue out a *fieri facias* and *capias ad satisfaciendum* together, and that it is a very convenient practice. It is so, and I am not for disturbing it. But the party who sues them out, must take care, not to execute the *capias ad satisfaciendum* until he has ascertained, that the defendant has not property to satisfy the judgment, and this he may do by calling on him, and asking him to shew his property. This act of assembly may sometimes throw difficulties in the way of the plaintiff, but this Court has no right to repeal, or alter it. I am of opinion, that the *capias ad satisfaciendum* in this case, was issued improperly, and being set aside by the Court, is to be considered as a nullity. Therefore, the action of trespass is maintainable.

GIBSON J. The reason why an action on the case is the proper remedy for a malicious arrest, is, because the process is such as the law allows ; the *gravamen* is, the abuse of it. The act itself is lawful ; the injury consequential. The fifth section of the act of the 13th *April*, 1807, strictly *prohibits* the *capias ad satisfaciendum*, unless where the defendant is destitute of property. A plaintiff may still have recourse to it in the first instance, but at his peril of being a trespasser if the defendant should have property. There may be cases in which the immediate use of this writ may be absolutely necessary to secure a debt. But then there is a plain and safe course to be pursued. Let it be accompanied with a *fieri facias*, with directions to the officer to execute the *capias* only in case the defendant shall refuse to shew property. If the person using it will not take this precaution to secure the defendant from an unnecessary arrest, he ought not to complain if the law should treat him as a trespasser. To decide that he should be answerable for a malicious and oppressive use of the writ only in an action on the case, would do violence to the letter and spirit of the act. It would be impossible, in many cases, to prove malice, where it did exist, and a party might suffer injury, where, in fact, it did not. I think it clear, therefore, this action of trespass is sustainable.

DUNCAN J. gave no opinion, not having heard the argument.

Judgment affirmed.